IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIANA L. JORDAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-1331 |
| | ) Judge Joy Flowers Conti |
| THE MEL BLOUNT YOUTH HOME | ) Magistrate Judge Lisa Pupo Lenihan |
| OF PENNSYLVANIA, MEL BLOUNT, | ) |
| TIANDA BLOUNT, CAROL LOCKETT, | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

**I. RECOMMENDATION**

It is respectfully recommended that the Defendant's Motion to dismiss be granted as to (a) Plaintiff's request for punitive damages under the Pennsylvania Whistleblower Law, 43 Pa.C.S.A. § 1421, and (b) Plaintiff's claims against the individual Defendants contained in Count III which, to the extent they state a valid claim, are redundant. It is respectfully recommended that the Motion be denied in all other respects.

**II. REPORT**

This case involves claims related to the alleged discriminatory termination of Plaintiff, Diana L. Jordan ("Plaintiff"). Plaintiff has brought claims of race, age, and gender discrimination

pursuant to Title VII, 42 U.S.C. § 2000e, *et seq.* ("Title VII"); the Age Discrimination in Employment Act, 29 U.S.C. § 621 (the "ADEA"); the Equal Pay Act of 1963, 29 U.S.C. § 206(d); and the Pennsylvania Human Relations Act, 43 Pa.C.S.A. § 951 (the "PHRA").  She also alleges Defendants' violation of the Pennsylvania Whistleblower Law, 43 Pa.C.S.A. § 1421 (the "Whistleblower Law").

Because Plaintiff is not entitled to punative damages under the Whistleblower Law, a point which she appears to concede by her failure to include any response in her Brief in Opposition, Defendant's Motion to Dismiss should be granted in this regard.  Because Plaintiff's claims against the individual Defendants under the PHRA, as raised in Count III, are - to the extent permissible under that statute - redundant with subsequent claims, Defendant's Motion should be granted in this regard as well.  Defendants' Motion to Dismiss should, under our liberal federal pleading requirements, be denied in all other respects as:

(1) Plaintiff may maintain claims against the individual Defendants under the Whistleblower Law;

(2) Plaintiff was not required to exhaust any administrative remedies prior to filing a claim in this Court under the Equal Pay Act; and

(3) Plaintiff has sufficiently alleged an individual PHRA claim of aiding and abetting against Defendant Tianda Blount by asserting that this Defendant engaged in and permitted harassment of, and discrimination against, Plaintiff.

A.  **Statement of Facts and Procedural History**

This case is a civil action for relief in consequence of Defendants' alleged discriminatory and/or retaliatory harassment and termination of Plaintiff.  As noted, *supra*, Plaintiff, a 50 year old, Caucasion female alleges race, age, and sex discrimination, as well as retaliation in violation of "whistleblower" laws against her employer, Defendant Mel Blount Youth Home (the "Youth Home"), and each of the individual Defendants.  Defendant Youth Home is a Pennsylvania non-profit corporation receiving public/government funding.

Plaintiff was employed by the Youth Home for fourteen (14) months, beginning in February, 2004.  Although initially hired as a part-time therapist, she was promoted to the full-time position of Program Director.   The essential components of Plaintiff's Complaint are as follows:

(1) that Defendant Mel Blount ("Blount"), the CEO of the Youth Home, made discriminatory statements concerning women's emotional handicaps at a time when Blount was aware that Plaintiff was suffering emotional effects of a change in the insulin regime necessitated by her diabetes;

(2) that Plaintiff's direct supervisor, Carol Lockett ("Lockett"), failed to take corrective action when Plaintiff notified her that a subordinate, younger, African-American female was disrespecting and undermining Plaintiff; that Defendants were aware of and permitted this insubordination; and that Plaintiff was prohibited from disciplining this Case Manager;[1]

---

1. Cf. Complaint at ¶ 13(g), (h) (alleging that Plaintiff was disciplined "more harshly" than, *e.g.*, the subordinate who "displayed much more aggressive and insubordinate behavior" than Plaintiff).

(3) that Lockett gave Plaintiff supervisory reprimands on March 15 and March 15, 2005 in retaliation for Plaintiff's complaints about harassment and discrimination;

(4) that Plaintiff was replaced by a younger, African-American male, who was compensated at a higher wage and had fewer job responsibilities because he was provided with an assistant;

(5) that Plaintiff was terminated in retaliation for voicing complaints about, and ultimately informing a Contract Monitor for Allegheny Children and Youth Services (the "ACYS Monitor") of, alleged violations in youth housing and work conditions existing at the Youth Home; and

(6) that each of the Defendants, who are African-American, discriminated against Plaintiff and subjected her to (a) sex, race and age harassment, (b) humiliation and embarrassment, and (c) a hostile work environment.

### B. Motion to Dismiss

The Court considering a motion to dismiss "must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996). Moreover, a motion to dismiss for failure to state a claim may be granted only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. See Conley v. Gibson, 355 U.S. 41 (1957); see also, *e.g.*, Doe v. Delie, 257 F.3d 309, 313 (3d Cir. 2001); Jakomas v. McFalls, 229 F.Supp.2d 412, 419 (W.D. Pa. 2002) ("Dismissal of claims is appropriate only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim upon which relief may be granted.").

The notice pleading standard of Fed. R. Civ. P. 8(a) "relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims" and "establishes a pleading standard without regard to whether a claim will succeed on the merits." Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 512, 515 (2002).[2]  It does not require Plaintiff to present a detailed recitation of exact allegations or precise theories, nor does it burden Plaintiff to prove her case as she must at trial.  To the contrary, it requires only a short and plain statement of the claim showing that the pleader is entitled to relief.  See, generally, City of Pittsburgh v. West Penn. Power Comp., 147 F.3d 256, 263 (3d Cir. 1998) (holding that the court has "an obligation . . . to view the complaint as a whole and to base rulings not upon the presence of mere words but, rather, upon the presence of a factual situation which is or is not justiciable").

C.  **Analysis**

**1. Punitive Damages Under the Pennsylvania Whistleblower Law**

As is correctly noted in Defendants' Brief in Support, punitive damages are unavailable under the Pennsylvania Whistleblower Law.  See Rankin v. City of Philadelphia, 963 F.Supp. 463, 478 (E.D. Pa. 1977) (explaining that Whistleblower Law "sets forth a comprehensive list of available remedies" and punitive damages are "nowhere among" them).  Although the Court's

---

2. See also Keefer v. Durkos, 371 F.Supp.2d 686, 690 (W.D. Pa. 2005) (noting that in considering a motion to dismiss the court is deciding only "if the plaintiff is entitled to offer evidence to support claims") (citations omitted).

implicit reliance on *expressio unius est exclusio alterius* may be subject to criticism,[3] it provided further grounds for its holding.[4]  Moreover, the District Court's view of this matter was confirmed, in dicta, by the Pennsylvania Supreme Court in 2001.  See O'Rourke v. Commonwealth, 778 A.2d 1194, 1203 (Pa. 2001) (stating that "recovery under the statute is proportionate to the harm suffered, as punitive damages are not available").

### 2. Individual Claims Under the Pennsylvania Whistleblower Law

Defendants assert that the Whistleblower Law claims against Defendants in their individual capacities must be dismissed because the statute does not "specifically state who or what are proper defendants" and a reading of the available remedies suggests that only an employer may be held liable.  Defendants Brief in Support at 3-4 (citing 43 Pa.C.S.A. §§ 1424(a), 1425).[5]  They further assert that Plaintiff has not provided a sufficient factual basis for

---

3. See Herman & MacLean v. Huddleston, 459 U.S. 375, 386 n. 23 (1983) (disparaging the canon as based on an erroneous assumption of legislative omniscience); see also Richard A. Posner, The Federal Courts: Crisis and Reform, 282 (1985) (concluding that judicial use of canons of construction may be opportunistic and characterizing maxim as "'at best a description, after the fact, of what the court has discovered from context'") (quoting Reed Dickerson, The Interpretation and Application of Statutes 234-35 (1975)).

4. See id. (concluding that a contrary result would conflict with the direction of both the General Assembly and the Pennsylvania Supreme Court) (citing 1 Pa. Cons. Stat. Ann. § 1504 and In re 1632 S. Broad Street, 94 A.2d 772, 773 (Pa. 1953)); see also Romano v. Bucks County Water & Seware Authority, 2004 WL 603383 (E.D. Pa. March 25, 2004).

5. The remedies available under the Act include reinstatement, payment of back wages, reinstatement of fringe benefits and seniority rights, and/or damages; they also include all or a portion of the costs of litigation.  See 43 Pa. C.S.A. §§ 1424(a), 1425.  In addition, a "person who, under color of an employee's authority, violates" the Act is "liable for a civil fine" of up to $500 and, under certain circumstances, suspended from public service.  See id. at § 1426.

maintaining claims against either TiAnda Blount or Lockett because she was terminated by Mel Blount.[6]  Defendants err.

Under the definition of "employer" provided by the Whistleblower Act, any individual with supervisory authority over the complainant may be held liable for that employee's wrongful termination.  More specifically, the statutory provisions prohibit discharge, discrimination or retaliation for reporting of wrongdoing or waste to the employer or an appropriate authority.  The Act further defines "employer" as "[a] person supervising one or more employees, including the employee in question; a superior of that supervisor; or an agent of a public body."  43 P.S. § 1422.[7]  Plaintiff has alleged that each of the individual Defendants was a "supervisor" or "superior".[8]  A review of the Complaint further reveals Plaintiff's clear allegation that she was terminated by the Defendants.  See Complaint at ¶ 13(r) (asserting that "Defendants terminated Plaintiff").[9]  As discussed above, this Court considers a Motion to Dismiss in accordance with

---

6. The Court derives this from Defendants' somewhat fragmented assertions.  See Brief in Support at 4.

7.  See Retenauer v. Flaherty, 642 A.2d 587 (Pa. Commwlth Ct. 1994) (considering and rejecting city's responsibility for damages awarded against city controller held liable for terminating employee in violation of Whistleblower Act).  See also Podgurski v. Pennsylvania State University, 722 A.2d 730 (Pa. Super. 1998) (including claims against individuals under Whistleblower Act).

8. Cf. Brief in Opposition at 5 (describing Tianda Blount as the "immediate supervisor of Plaintiff's immediate supervisor").

9. See also id. at § 14 (alleging an "overall scheme of continuous and ongoing . . . unlawful harassment . . . , retaliation, and a hostile work environment").

Fed. R. Civ. P. 8(a) and Plaintiff's claims against all Defendants meet this preliminary, liberal standard.[10]  The Court trusts the parties will further explore the allegations in discovery.

### 3. Administrative Filing Requirements for Equal Pay Act

Defendants maintain that Plaintiff may not bring an Equal Pay Act claim before this Court because no such claim was raised in or suggested by her Equal Employment Opportunity Commission ("EEOC") Complaint.  See Brief in Support at 5-6.  Defendant is, of course, correct in citing to the general proposition that a plaintiff's claim may be dismissed where she as "fail[ed] to exhaust administrative remedies."  See id. at 6 (quoting Zezulewica v. Port Auth. of Allegheny Co., 290 F.Supp.2d 583, 591 (W.D. Pa. 2003) (discussing requirement of exhaustion in Title VII context).  This ground for dismissal applies, however, only where the plaintiff's cause of action is statutorily subject to such preliminary administrative procedures.  No less authority than the United States Supreme Court has made it clear that claims under the Equal Pay Act are not.  See County of Washington v. Gunther, 452 U.S. 161, 175, n. 14 (1981) (noting that "the Equal Pay Act, unlike Title VII, has no requirement of filing administrative complaints and awaiting

---

10.  It should be noted that a Pennsylvania Commonwealth Court has held that an individual held liable under the Whistleblower Law may not be able to completely satisfy the judgment. More specifically, it has observed that the only party with the ability to satisfy a damage award under the Whistleblower Law is the controller of the funds necessary to comply with the judgment (as opposed to, *e.g.*, the individual who terminated the complainant).  See Retenauer, 642 A.2d at 592-594 (vacating monetary damage award for back wages and costs of litigation where employer City was not named in suit or afforded opportunity to defend).  Cf. Rankin, 963 F.Supp. at 463 (noting that "back wages are a measure of lost compensation and an employee is generally compensated by the employing public body rather than the particular superior who may be the subject of an action under the Whistleblower Law"); id. at 469 (finding Retenauer "a persuasive indication of the position the Pennsylvania Supreme Court would adopt if it were to address" the issue).

administrative conciliation efforts") (citing B. Babcock, A. Freedman, E. Norton & S. Ross, <u>Sex Discrimination and the Law</u> 507 (1975)).

### 4. Individual Claims Under the PHRA

Defendants' Brief in Support of dismissal of Plaintiff's Count III claims "against the individual Defendants for a violation of the PHRA" is correct in its assertion that no such cause of action lies under § 955(a) of the PHRA, prohibiting discriminatory practices by an "employer" defined as: the Commonwealth, its political subdivisions, school districts, and "corporations and associations employing four or more persons." <u>See</u> Brief in Support at 6-7 (quoting 43 Pa.C.S.A. § 954). The Complaint is, however, unfortunately ambiguous as to the scope of Count's III cause of action.

More specifically, review of this Count of the Complaint suggests that Plaintiff has not limited her cause of action against the individual Defendants to a violation of § 955(a). To the contrary, this Count alleges violation of the PHRA, 43 P.S. § 951 *et seq.* She would appear, therefore, to have included a cause of action against the individual Defendants under § 955(e). And yet Counts IV, V and VI of the Complaint proceed to add individual § 955(e) - described as "aiding and abetting" - claims against Mel Blount , TiAnda Blount, and Carol Lockett, respectively. Because the Count, as written, encompasses not only § 955(a), under which no cause of action may arise against the individual Defendants, but also § 955(e), the Count states valid individual claims. Such claims are, however, redundant with Counts IV through VI.

As Defendants' expressly acknowledge in their Brief in Support, the latter provision of the PHRA declares it a violation for

9

> any person . . . or employee, to aid, abet, incite, compel or coerce the doing of any act declared to be an unlawful discriminatory practice, or to obstruct or prevent any person from complying with the provisions of this act . . ., or to attempt, directly or indirectly, to commit any act declared . . . to be an unlawful discriminatory practice.

See Brief in Support at 7 (quoting 43 Pa.C.S.A. § 955(e)).[11]  Under this provision, an individual supervisory employee may be held liable.  See, e.g., Destefano v. Henry Mitchell, 2000 WL 433993, *2 (E.D. Pa. Apr. 13, 2000) (explaining that the "[c]ourts have distinguished between nonsupervisory and supervisory employees and imposed liability . . . on the latter, on the theory that [they] can share the discriminatory intent and purpose of the employer") (citing Dici v. Pennsylvania, 91 F.3d 542, 553 (3d Cir. 1996)).[12]

As noted, *supra*, Plaintiff's Complaint alleges, within the pleading requirements of Rule 8(a), that Defendants were aware of and permitted age, race and gender-related harassment, discrimination and insubordination.  See, e.g., Complaint at ¶ 13(c).  Plaintiff also alleges that each Defendant "intimidated, harassed and discriminated against" Plaintiff at a March 15, 2005 meeting.  See id. at ¶ 13(e).  She alleges that Defendants "were aware of, and in fact perpetrated,

---

11. See also Carlton v. City of Philadelphia, 2004 WL 633279, *8 (E.D. Pa. Mar. 30, 2004) (noting that while the core provision of the PHRA does not include individual employees, § 955(e) contemplates individual liability).

12. In Dici, the Third Circuit granted summary judgment in favor of an allegedly harassing co-employee but held that a supervisory employee could still be liable for aiding and abetting discriminatory practices.  See id. at 552-53.  See also Davis v. Levy, Angstreich, Finney, Baldante, 20 F.Supp.2d 885, 887 (E.D. Pa. 1998) (holding that "an individual supervisory employee can be held liable under an aiding and abetting/accomplice liability theory . . . for his own direct acts of discrimination or for his failure to take action to prevent further discrimination by an employee under supervision").

the ongoing and continuous pattern of age, race, gender and sexual harassment, discrimination and retaliation for lodging complaints about it." See id. at ¶ 13(n).

While such assertions are therefore sufficient to state a valid claim under § 955(e), these individual claims of Count III are nonetheless redundant with Counts IV through VI and should be dismissed accordingly.

### 5. Aiding/Abetting Claim Against TiAnda Blount

Finally, as discussed *supra*, this Court's review of the Complaint for purposes of its decision on Defendants' Motion to Dismiss is guided by the federal requirements of notice pleading.  In light of the assertions of the Complaint detailed above, Plaintiff has met this preliminary standard with regard to her individual claim against TiAnda Blount.  See Dici, 91 F.3d at 533 (concluding that supervisor was proper defendant under § 955(e) where plaintiff alleged he "knew or should have known that the plaintiff was being subject to harassment [but] repeatedly refused to take prompt action"); Carlton, 2004 WL 633279, *8 (declining to dismiss individual claims under § 955(e) where plaintiff alleged supervisory employees were aware of her complaints and failed to act, and subsequent conduct suggested retaliation); id. (noting that case was before court on motion to dismiss and not summary judgment).[13]  Defendants cannot

---

13. As Plaintiff has specifically alleged that TiAnda Blount was her superior, recognition of this cause of action - particularly at this stage of the proceedings - cannot reasonably be projected to "impose[] liability on every coworker that [sic] has knowledge of discriminatory practices in a workplace . . . ." See Brief in Support at 8.  To the contrary, it merely acknowledges a theory of liability both contemplated and supported by § 955(e).  Cf. Bacone v. Philadelphia Housing Authority, 2001 WL 748177, *1, n. 1 (E.D. Pa. June 27, 2001) (noting that Plaintiff could not maintain individual claim against "non-supervisory co-worker").

now demand a degree of factual specificity appropriate for summary judgment rather than a motion to dismiss.

### III. CONCLUSION

For the reasons set forth above, is respectfully recommended that the Defendant's Motion to dismiss be granted as to (a) Plaintiff's request for punitive damages under the Pennsylvania Whistleblower Law, 43 Pa.C.S.A. § 1421, and (b) the individual claims of Count III of the Complaint which are, to the extent they are valid claims, redundant.  Defendants' Motion should be denied in all other respects.

The Court deems it appropriate to emphasize at this time that the pleading before it is a Motion to Dismiss.  And while the allegations of Plaintiff's Complaint may not be strong, they are sufficient to raise valid claims and to meet the federal standard of notice pleading.  See Semerenko v. Cendant Corp., 223 F.3d 165, 173 (3d Cir. 2000) (noting that the issue on a motion to dismiss is not whether a plaintiff ultimately will prevail but whether she is entitled to offer evidence to support her claims).  To survive a subsequent motion for summary judgment and ultimately prevail, Plaintiff will, of course, have to offer an ascending quantum of proof.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation.  Any party opposing the

objections shall have seven (7) days from the date of service of objections to respond thereto.

Failure to file timely objections may constitute a waiver of any appellate rights.


    /s/Lisa Pupo Lenihan
LISA PUPO LENIHAN
United States Magistrate Judge


Dated: April 4, 2006


cc:    The Honorable Joy Flowers Conti
       United States District Judge

       All Counsel of Record