IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIANA L. JORDAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-1331 |
| | ) | Judge Joy Flowers Conti |
| THE MEL BLOUNT YOUTH HOME | ) | Magistrate Judge Lisa Pupo Lenihan |
| OF PENNSYLVANIA, MEL BLOUNT, | ) | |
| TIANDA BLOUNT, CAROL LOCKETT, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM ORDER**

The complaint filed by Diana L. Jordan ("plaintiff") was received by the clerk of court and referred to United States Magistrate Judge Lisa Lenihan for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

The magistrate judge issued a Report and Recommendation (the "R&R") recommending that the Motion for Summary Judgment filed by The Mel Blount Youth Home of Pennsylvania (the "Home"), Mel Blount, Tianda Blount and Carol Lockett ("defendants") be granted with respect to plaintiff's claims for (a) violation of the Equal Protection Act of 1963; (b) subjection to a hostile work environment; (c) reverse race discrimination and/or retaliation; and (d) age discrimination and/or retaliation, and that the motion be denied in its remaining respects. The claims remaining are a) for gender discrimination and retaliation under Title VII, 42 U.S.C. §

2000e *et. seq*.("Title VII") and the Pennsylvania Human Relations Act, 43 PA. CONS. STAT. ANN. § 951 (the "PHRA") and b) for violation of the Pennsylvania Whistleblower Act, 43 PA. CONS. STAT. ANN. § 1421 (the "Whistleblower law"). Defendants' objections to the R&R were filed on April 22, 2008 and plaintiff's response was filed on May 14, 2008. Defendants raised three objections. First, defendants argue that summary judgment should be granted in their favor with respect to the gender discrimination claim because plaintiff conceded she was terminated by reason of her alleged whistleblower activities. On that basis, defendants assert plaintiff cannot show defendants' proffered reasons for her termination were pretextual for that claim. Second, defendants argue that plaintiff's gender discrimination retaliation claim fails because the claim was not raised in her charge of discrimination filed with the Equal Employment Opportunity Commission and she did not engage in activity protected by Title VII. Third, defendants argue that the claim under the Whistleblower law fails because plaintiff did not present evidence that any law or regulation would have been violated by the conduct reported by plaintiff and cannot establish wrongdoing as required by the Whistleblower law.

Each of defendants' arguments was raised in defendants' summary judgment motion. The magistrate judge considered and rejected these arguments in the R&R. See R&R at 16 (e.g., evidence introduced by plaintiff with respect to gender discriminatory remarks); Id. at 16 n.28 (retaliation relating to sex included in charge of discrimination); Id. at 8 n.12 (violation of state regulation). This court finds that the magistrate judge appropriately resolved those issues.

Only one issue warrants some brief discussion. Defendants argue that there is no applicable state regulation implicated for purposes of the Whistleblower law. To prevail on that assertion, however, this court would have to ignore footnote 12 of the R&R, in which the

2

magistrate judge referred to the March 25, 2005 letter from the Allegheny County Health Department of Human Services to defendant Mel Blount. That letter specifically referred to a violation of the Department of Public Welfare regulations. The regulations applicable to the Home are set forth in 55 PA. CODE § 3800.1 at 6 *et seq.* 55 PA. CODE § 3800.11 provides that the requirements of Chapter 20, 55 PA. CODE § 20.1 *et seq.*, must be met. The requirements of Chapter 20 include licensure, certificates of compliance and inspections. 55 PA. CODE § 20.4. Under these circumstances, the court concludes that sufficient evidence implicating a violation of a state regulation was adduced for purposes of summary judgment and that the R&R should be adopted.

After review of the pleadings and documents in the case, together with the R&R, defendants' objections and plaintiff's response, the following Order is entered:

AND NOW, this 16th day of June, 2008:

IT IS HEREBY ORDERED that the defendants' Motion for Summary Judgment (Docket No. 40) be granted with respect to plaintiff's claims for (a) violation of the Equal Protection Act of 1963; (b) subjection to a hostile work environment; (c) reverse race discrimination and/or retaliation; and (d) age discrimination and/or retaliation, and that the motion be denied in its remaining respects.

The R&R of Magistrate Judge Lenihan is adopted as the opinion of the court, except that references to "Defendant" shall be revised to read "Defendants" when the context requires.

By the court,

/s/ Joy Flowers Conti
Joy Flowers Conti
United States District Judge

cc: parties of record